# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

TOMMY E. SPRADLEY, an individual
resident of Wagoner County, Oklahoma,

    Plaintiff,

v.

THE OWENS-ILLINOIS HOURLY
EMPLOYEES WELFARE BENEFIT PLAN,
an entity amenable to suit pursuant to 29
U.S.C. § 1132(d)(1),

    Defendant.

Case No. CIV-09-460-RAW

## **ORDER and OPINION**

    Before the court are Plaintiff's motion for attorney fees [Docket No. 56] and Defendant's motion for stay of proceedings on Plaintiff's motion for attorney fees pending appeal [Docket No. 66]. Pursuant to Local Civil Rule 7.1(g), Defendant's counsel informs the court that she conferred in good faith with Plaintiff's counsel and that Plaintiff's counsel objects to the requested stay. Plaintiff has not responded to the motion to stay.

    On November 10, 2010, the court entered an Order and Opinion and a Judgment, remanding this action to Defendant to further evaluate and reconsider Plaintiff's claim. The court found that the Committee's decision on Plaintiff's claim was arbitrary and capricious. On December 10, 2010, Defendant filed a notice of appeal.

    A motion for attorney fees "is considered 'collateral to and separate from' the decision on the case's merits." Graham v. Hartford Life and Accident Ins. Co., 501 F.3d 1153, 1163 n. 11 (citing Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200 (1988). While "filing notice of

appeal generally divests the district court of jurisdiction over the issues on appeal, . . . the district court retains jurisdiction over 'collateral matters not involved in the appeal,' . . . . Attorney's fees awards are collateral matters over which the district court retains jurisdiction." Lancaster v. Indep. Sch. Dist. No. 5, 149F.3d 1228, 1237 (10th Cir. 1998) (citations omitted). Of course, the court has discretion to grant or deny the motion stay.

In an ERISA case, the district court has within its discretion to award attorney fees pursuant to 29 U.S.C. § 1132(g)(1) to either party, so long as that party achieved "some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 130 S.Ct. 2149, 2152 (2010) (citation omitted). The "fee claimant need not be a 'prevailing party' to be eligible for an attorney's fees award under § 1132(g)(1)." Id. at 2156. The Supreme Court rejected the argument that "a court order remanding an ERISA claim for further consideration can never constitute 'some success on the merits.'" Id. at 2158.

A court may not award fees if the claimant achieved only "trivial success on the merits" or a "purely procedural victory." Id. A claimant satisfies the § 1132(g)(1) requirement "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" Id. (citation and quotations omitted).

This court need not conduct a lengthy inquiry into the question of whether Plaintiff's success was substantial or occurred on a central issue. Plaintiff's success was substantial and was on a central issue. He succeeded on his first claim. He argued that the denial of his PTD Life Insurance benefits under the Plan was arbitrary and capricious. The court agreed and remanded his claim to the Defendant to direct the Committee to further evaluate and reconsider Plaintiff's claim for PTD

2

Life Insurance benefits in accordance with the court's Order and Opinion.[*]

Accordingly, as was the case in Hardt, the court may grant attorney fees in this case if it finds such fees are proper. In determining whether to award attorney fees pursuant to § 1132(g)(1), the court considers these among other factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

Gordon v. United States Steel Corp., 724 F.2d 106, 109 (10th Cir. 1983).

Having considered these factors, the court would be inclined to grant Plaintiff's requested attorney fees that were expended in relation to his first claim, but not those that were expended solely or primarily on the second claim. Nevertheless, the court will not rule on the motion for attorney fees at this time. If the Tenth Circuit were to reverse this court's ruling on Plaintiff's first claim, he would no longer be entitled to attorney fees. Therefore, the court hereby GRANTS the motion to stay proceedings on the motion for attorney fees pending appeal [Docket No. 66].

IT IS SO ORDERED this 21st day of January, 2011.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[*] The court denied Plaintiff's claim for penalties pursuant to § 1132(c).